## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 07 2015, 9:29 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Scott Huy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 7, 2015

Court of Appeals Case No.
15A01-1410-CR-465

Appeal from the Dearborn Superior Court.
The Honorable Sally A. Blankenship, Judge.
Cause No. 15D02-1312-FA-31

**Baker, Judge.**

Scott Huy appeals his conviction and sentence for Dealing in Cocaine or Narcotic Drug,[1] a class A felony. Huy argues that the trial court erred in denying his motion for a mistrial and that his sentence is inappropriate in light of the nature of the offense and his character. Finding that the trial court did not err in denying Huy's motion for a mistrial and that his sentence is not inappropriate, we affirm. We remand to the trial court so that it may correct the abstract of judgment to reflect that Huy is serving an enhanced, rather than consecutive, sentence.

## Facts

On September 16, 2013, a confidential informant by the name of Jeremiah McCoy informed Detective Carl Pieczonka that he could arrange for Huy to sell heroin to an undercover officer. McCoy then contacted Huy and arranged a meeting. The next day, McCoy met with Detective Timothy Wuestefeld, an undercover officer with the Indiana State Police, and the two went to meet Huy at the Hollywood Casino. Once there, all three drove to the roof of the casino's parking garage where Detective Wuestefeld handed Huy $600 in exchange for a baggie filled with a substance that was later confirmed to be 6.848 grams of heroin.

---

[1] Ind. Code § 35-48-4-1(b)(1). This statute was recently amended with an effective date of July 1, 2014. We cite to the statute as it existed when Huy committed the crime.

[3] The State charged Huy with class A felony dealing in heroin and later added an habitual offender count.[2] A jury trial took place on August 26 and 27, 2014. During the trial, Detective Pieczonka testified that, before the controlled buy took place, he advised Detective Wuestefeld that he "had an individual in the Cincinnati area that was trafficking heroin." Tr. p. 200.

[4] Immediately following this statement, Huy objected and moved for a mistrial. Huy argued that Detective Pieczonka had told the jury that Huy was selling heroin in Ohio and that this was evidence of a prior crime prohibited under Indiana Evidence Rule 404(b). The State argued that Detective Pieczonka's statement was merely meant to put the detectives' actions in context and, as such, was admissible.

[5] The trial court did not grant a mistrial, but prohibited the State from making any further mention of Huy's criminal history and gave the jury a limiting instruction. The instruction provided that any statements made by the confidential informant to the detectives could not be considered as evidence of Huy's guilt, but were merely meant to provide context for the detectives' actions. Huy agreed with the trial court that this was an acceptable remedy.

[6] The trial concluded, and the jury found Huy guilty as charged. The jury later found Huy to be an habitual offender. The trial court held sentencing hearings on September 26 and October 3, 2014. Following these hearings, the trial court

---

[2] Ind. Code § 35-50-2-8.

sentenced Huy to forty years for dealing in heroin, enhanced by thirty years for the habitual offender finding. This resulted in an executed term of seventy years.[3] Huy now appeals.

# Discussion and Decision

## I. Motion for Mistrial

Huy first argues that the trial court erred in failing to grant a mistrial following Detective Pieczonka's testimony as to Huy's involvement with heroin trafficking in the Cincinnati area. We review a trial court's decision to grant or deny a motion for mistrial for an abuse of discretion "because the trial court is in the best position to gauge the surrounding circumstances of an event and its impact on the jury." *Pittman v. State*, 885 N.E.2d 1246, 1255 (Ind. 2008). "A mistrial is appropriate only when the questioned conduct is so prejudicial and inflammatory that the defendant was placed in a position of grave peril to which he should not have been subjected." *Id.* (quotations omitted). We measure the gravity of the peril by considering the conduct's probable persuasive effect on the jury. *Id.*

Indiana Evidence Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on

---

[3] On the abstract of judgment, the trial court mistakenly noted that Huy's sentence was "Consecutive: Habitual Substance Offender." Appellant's App. p. 180. The State points out that Huy is actually serving an enhanced, rather than consecutive, sentence. Huy agrees. Reply Br. p. 5-6. Accordingly, we remand to the trial court so that it may correct this mistaken notation.

a particular occasion the person acted in accordance with the character." Thus, Detective Pieczonka's testimony that the confidential informant "had an individual in the Cincinnati area that was trafficking heroin" would not be admissible to prove that Huy was likely guilty of trafficking in heroin in the instant case. Tr. p. 200. However, Rule 404(b) provides that such evidence may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation," etc. Here, the State argues that the testimony was simply meant to give the jury some of the story behind the detectives' investigation of Huy.

[9] Assuming solely for the sake of argument that Detective Pieczonka's testimony was inadmissible, we do not believe that Huy was placed in a position of grave peril when the testimony is viewed in light of the limiting instruction provided by the trial court. Following the testimony, the jury was specifically instructed that it was not to consider the testimony as evidence of Huy's guilt as to the present crime. Tr. p. 204. Huy himself agreed that this was an appropriate cure for any prejudice he may have suffered. *Id*. We agree with Huy. "A timely and accurate admonishment is presumed to cure any error in the admission of evidence." *Owens v. State*, 937 N.E.2d 880, 895 (Ind. Ct. App. 2010). Furthermore, in light of the overwhelming evidence presented against Huy, Detective Pieczonka's statement could have had very little persuasive effect upon the jury. Under these circumstances, the trial court did not err in refusing to declare a mistrial.

# II. Appropriateness of Sentence

[10] Huy next argues that his sentence is inappropriate. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." It is the defendant's burden to persuade us that his sentence is inappropriate. *Stokes v. State*, 947 N.E.2d 1033, 1038 (Ind. Ct. App. 2011).

[11] In this case, the jury convicted Huy of class A felony dealing in heroin and found him to be an habitual offender. "A person who commits a Class A felony . . . shall be imprisoned for a fixed term of between twenty (20) and fifty (50) years, with the advisory term being thirty (30) years." I.C. § 35-50-2-4. Here, Huy was sentenced to a term of forty years. Our habitual offender statute provides that "[t]he court shall sentence a person found to be an habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense . . . ." I.C. § 35-50-2-8. Therefore, the trial court was required to add at least thirty years to Huy's sentence, as this is the advisory term for a class A felony. Once the trial court added the minimum thirty-year term, Huy's sentence totaled seventy years.

[12] Regarding the nature of his offense, Huy argues that the heroin in this case was sold to an undercover officer and, therefore, never made it on to the street. Huy also points out that no one was injured. Regarding his character, Huy argues that he comes from a family with a history of drug addiction. Both of Huy's

parents died from heroin. Huy began using drugs at a young age and has been battling addiction his entire adult life. However, Huy argues that his problem is treatable and that the State should seek to rehabilitate rather than incarcerate Huy in this instance.

[13]     As for the nature of his offense, Huy is correct to point out that no one was hurt and that, on this particular occasion, the heroin did not make its way onto the street. However, this outcome is the result of the detectives' intervention rather than the intended result of Huy's crime. Had Huy's criminal actions gone as planned, heroin would have made its way onto the street where it would have posed a serious danger to the community. The fact that officers were able to prevent harm to the community does not affect the true nature of Huy's offense in this case.

[14]     As to Huy's character, while the trial court took note of his difficult upbringing, it also took note of his extensive criminal history. The trial court observed that Huy has a criminal history that began with multiple juvenile adjudications. Tr. p. 389-90. As to Huy's adult criminal history, the trial court noted Huy's numerous felony convictions, including convictions for possession of more than 100 grams of cocaine, trafficking in cocaine, and domestic violence. *Id.* Huy's drug trafficking history also includes "involvement in a multi-state drug trafficking operation, possession of [a] weapon while trafficking drugs, throwing drugs out of a car window and injury to a police officer while fleeing from police while on felony probation." *Id.* at 391. The trial court also noted the fact that Huy committed the instant crime within a very short time after being

released from prison for similar offenses. *Id.* It concluded that these facts indicate that Huy is a risk to the safety of the community.

[15] Given such an extensive criminal history, we agree with the trial court's conclusion. The facts indicate that Huy has no respect for the law and that there is a substantial likelihood that he will continue to commit similar crimes upon his release. While Huy has certainly suffered from a tragic upbringing, the trial court was correct to note that his actions pose a significant risk to the safety of others. Huy knows all too well the dangers of heroin and other narcotics, and his continued sale of such substances evinces a strong disregard for the wellbeing of others. As for the length of his sentence, we note that the trial court has not imposed the maximum sentence authorized by statute. Accordingly, we cannot conclude that Huy's sentence is inappropriate in light of the nature of the offense and his character.

[16] The judgment of the trial court is affirmed and remanded with instructions that the trial court correct the abstract of judgment to indicate that Huy is serving an enhanced, rather than consecutive, sentence for the habitual offender finding.

Najam, J., and Friedlander, J., concur.